## In re BRUNSWICK–BALKE–COLLENDER CO.

### Patent Appeal No. 2920.

Court of Customs and Patent Appeals.
April 4, 1932.

Albert J. Fihe, of Chicago, Ill. (A. V. Cushman and John J. Darby, both of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

Appellant has applied to the United States Patent Office to register as a trademark the word "League," as applied to bowling pins. Registration was denied by both tribunals in the Patent Office upon the theory that the word "League" could not be exclusively appropriated and used as a trade-mark by any one manufacturer of bowling pins; in other words, as we understand it, that the word is descriptive as applied to these goods.

In connection with his decision, the Commissioner called attention to the adopted and published rules of the American Bowling Congress, and, particularly, to rule 10 thereof, regulating the sizes and weights of official pins. Rule 29 thereof also gives certain regulations for so-called "League Games."

The applicant filed in the Patent Office an affidavit to the effect that the word "League" upon bowling pins, to the trade, meant only origin or source.

We are of opinion no error was committed by the Commissioner herein. The word "League," as used by the appellant here, is, to our mind, clearly either descriptive or misdescriptive. In either event, it ought not to be registered as a trade-mark. Every maker of bowling pins ought to be able to call his pins "League" pins, if they comply with the rules generally obtaining in league games.

The following cases illustrate the views of the courts as to similar descriptive words: In re Excelsior Shoe Co., 40 App. D. C. 480, in which the mark involved was "Boy Scouts" as applied to shoes for boys and men; the word "Navy" as applied to certain goods, In re National Candy Co., 35 App. D. C. 351; the word "fashion" as applied to men's clothing, Rosenberg Bros. & Co. v. Wetherby-Kayser Shoe Co., 37 F.(2d) 437, 17 C. C. P. A. 794; "Autographic" as applied to manifold registers, etc., In re Autographic Register Co., 39 F.(2d) 718, 17 C. C. P. A. 1044; "Ensemble" as applied to ladies' garments, Model Brassiere Co. v. Bromley-Shepard Co., 49 F.(2d) 482, 18 C. C. P. A. 1294.

The decision of the Commissioner of Patents is affirmed.

Affirmed.